[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly unlawful imprisonment resulting from a judgment of conviction, following an Alford plea to the charge of Sale of Illegal Drugs in violation of General Statutes § 21a-277(a), for which the petitioner received a sentence of eight and one-half years concurrent with a sentence he was then serving.
The petitioner contends that his imprisonment is unlawful because his trial counsel, Public Defender Martin Zeldis, rendered ineffective assistance by failing to adequately explain the proposed eight and one-half year concurrent sentence, which allegedly resulted in the petitioner's misunderstanding of same.
At the time of his plea, the petitioner was serving a sentence of five years for an unrelated conviction. At the habeas trial, the petitioner testified: that he pleaded guilty to the drug sale because he believed that the new eight and one-half year sentence would be considered as having commenced at the beginning of his then existing five year sentence; that he speaks Spanish and limited English; and, that the failure of translators to accurately CT Page 10468 repeat the explanations of his attorney and the Court resulted in his misunderstanding of the proposed concurrent sentence.
Attorney Zeldis testified: that he met with the petitioner on a number of occasions over a five month period; that he found the petitioner to be reasonably fluent in English; that he explained the meaning and effect of a concurrent sentence to the petitioner through the use of both an interpreter and a Spanish speaking public defender; that the implications of his plea were explained to the petitioner in English and repeated in Spanish; and that Zeldis had and has no reason to believe that the petitioner misunderstood the plea and sentence.
In addition to the testimony of the petitioner and Attorney Zeldis, a transcript of the plea and sentencing hearing was offered into evidence at the habeas trial. During his canvass, Judge Damiani stated: "I've indicated to your lawyer and the State that I'd impose a sentence of eight and one-half years to run concurrent, to run together with the sentence you're now serving. Do you understand that?" The petitioner responded, "You're saying eight and a half?" Judge Damiani said, "Eight and a half", to which the petitioner answered, "Yes, sir." (Plaintiff's Exhibit B, page 6).
Later in the transcript, the petitioner states: "Yes, I wanted to ask a question, all right. I'm a little confused when it's running concurrent it's running together?" Judge Damiani answered "Right" and further responded: ". . . what happens is whatever time you did on the five up till today is gone. Now, from today on you're serving only one sentence, eight and one half years. You're not serving the eight and one half on top of anything else. But whatever did before today is gone. Okay. So the eight and one half starts today. That's the sentence you're doing now, eight and one half years." (Plaintiff's Exhibit B, page 7).
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostola v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner CT Page 10469 must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness. Johnson v.Commissioner, 218 Conn. 403, 424 (1991). This standard of reasonableness is measured by prevailing, professional norms. Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation. Id.
Based upon the evidence presented at the habeas hearing, this court concludes that the petitioner has failed to meet his burden of proving that Attorney Zeldis' representation was not reasonably competent nor within the range of competence of Connecticut attorneys practicing criminal law. Credibility is for the trier-of-fact to determine. The court finds Zeldis' testimony to be credible and an accurate recital of events. The plea offer and its implications were explained to the petitioner by Zeldis with the assistance of an interpreter and a Spanish speaking public defender. Additionally, Judge Damiani in clear and plain language advised the petitioner about the mechanics of concurrent sentencing and, specifically, how the petitioner's sentence would be implemented.
In contrast, the court finds that the petitioner's testimony fails to reflect the actual events in question accurately. The petitioner's prior involvement in the criminal courts renders his claim of being naive less believable. The petitioner was sophisticated enough to file a pro se motion for a speedy trial; he was well aware of the implications of serving "dead time"; and he voluntarily waived a presentence investigation report in order to be sentenced without further delay. These facts adversely impact the petitioner's credibility.
For the reasons stated herein, the petition is dismissed.
Robert A. Martin, Judge